## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| DEBORAH OLSON, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No.: 17-cv- |
| ) ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, ) ) | |
| vs. ) ) | |
| ) | **Jury Trial Demanded** |
| ALPHA RECOVERY CORP., ) ) | |
| Defendant. ) ) | |

### INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

### JURISDICTION

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

### PARTIES

3.      Plaintiff Deborah Olson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

5.      Defendant Alpha Recovery Corp. ("Alpha") is a debt collection agency with its principal offices located at 5660 Greenwood Plaza Blvd, Greenwood Village, CO 80111.

6.      Alpha is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Alpha is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Alpha is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about November 23, 2016, Alpha mailed a debt collection letter to Plaintiff Deborah Olson regarding an alleged debt owed to "Bureaus Investment Group Portfolio No. 15 LLC" ("BIG 15"). A copy of this letter is attached to this Complaint as Exhibit A.

9. The alleged debt referenced in Exhibit A was incurred to purchase personal, family, or household goods.

10. Exhibit A was the first letter Plaintiff Deborah Olson was sent by Alpha regarding this alleged debt.

11. Exhibit A contains the following text:

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

General Notice: Failure to dispute the validity of this debt may not be construed as an admission of liability by the consumer.

12. The statement that Alpha is "required under state law" to provide the "General Notice" is false and misleading. Neither the FDCPA, nor any state law, requires a debt collector to provide that specific language to consumers.

13. The "General Notice" language is similar to language in another part of the FDCPA, 15 U.S.C. § 1692g(c), but it has been modified to remove the qualifier that failure to dispute a debt within 30 days cannot be treated as an admission of liability in court proceedings.

14. 15 U.S.C. § 1692g(c) states:

(c) ADMISSION OF LIABILITY
The failure of a consumer to dispute the validity of a debt under this section may not be construed *by any court* as an admission of liability by the consumer.

2

(emphasis added).

15.     The "General Notice" text in Alpha's letter is false and misleading. It overshadows part of the FDCPA debt validation notice, 15 U.S.C. §§ 1692g(a)(3), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(emphasis added).

16.     The Seventh Circuit has said: "When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. Otherwise, as we have said, 'the collection agency could write the letter in Hittite and have a secure defense.'" *Janetos*, 825 F.3d at 321; *citing Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004).

17.     Thus, the validation notice must clearly and unambiguously inform the unsophisticated consumer that, unless the consumer disputes the debt within the 30 day validation period, the debt collector *is* permitted to assume the debt is valid. 15 U.S.C. § 1692g(a)(3).

18.     The "General Notice" language tells the consumer the exact opposite: "Failure to dispute the validity of this debt *may not* be construed as an admission of liability by the consumer." (emphasis added). The statement, including the removal of the crucial limitation – "by any court" - is false and misleading.

3

19.     In fact, the debt collector *may* assume a debt to be valid if the consumer does not dispute it within the debt validation period, and there are significant consequences for the consumer. After the validation period expires without a dispute, the debt collector can, for example, report the debt to Consumer Reporting Agencies ("CRAs," more commonly known as "credit bureaus") without noting a dispute.

20.     Some CRAs do not factor disputed debts into the consumer's credit score at all, while an undisputed collection account has an indisputably negative effect on the consumer's credit report and "credit score." *See* 15 U.S.C. § 1681c(a)(4).

21.     The practical effect of the usage and placement of the "General Notice" is to discourage consumers from disputing debts. The language leads the unsophisticated consumer to falsely believe that disputing a debt is of little significance.

22.     The omission of "by any court" compounds the misleading statement by conflating the concept of liability in court with the debt collector's treatment of the undisputed debt as valid. The unsophisticated consumer is not expected to parse these differences in legal terminology.

23.     Alpha did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

24.     The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor

gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

25.     Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos*, 825 F.3d at 324 ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

26.     For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's omission is a material violation of the FDCPA. A debt collector is permitted to assume the debt is valid if the consumer does not dispute within the 30 day validation period. Furthermore, a consumer who does not dispute the debt also does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

27.     Alpha's statement conflicts with the validation notice. 16 U.S.C. § 1692g.

28.     Plaintiff was confused by <u>Exhibit A</u>.

5

29.     The unsophisticated consumer would be confused by <u>Exhibit A</u>.

30.     Plaintiff had to spend time and money investigating <u>Exhibit A</u>.

31.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

32.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v.*

6

*Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

34.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

36.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37.     Exhibit A fails to inform the consumer that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3).

38.     Instead, the unsophisticated consumer would interpret the language in the "General Notice" in Exhibit A as stating that there are no consequences to failing to dispute the debt.

7

39.     Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b), 1692e and 1692e(10).

## CLASS ALLEGATIONS

40.     Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between October 30, 2016 and October 30, 2017, inclusive, (e) that was not returned by the postal service.

41.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

42.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

43.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)      actual damages;

(b)      statutory damages;

(c)      attorneys' fees, litigation expenses and costs of suit; and

(d)      such other or further relief as the Court deems proper.

Dated: October 30, 2017

**ADEMI & O'REILLY, LLP**

By:    /s/ John D. Blythin
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Jesse Fruchter (SBN 1097673)
        Ben J. Slatky (SBN 1106892)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        jfruchter@ademilaw.com
        bslatky@ademilaw.com